UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BOTH,

                    Plaintiff,

            -against-

MAV GROUP LLC; ANNELEISA G.
MCDONALD,

                    Defendants.

24-CV-8315 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Malverne, New York, in the Town of Hempstead, Nassau

County, brings this action *pro se*. Plaintiff invokes the Court's diversity jurisdiction, 28 U.S.C.

§ 1332, and asserts claims, under the Court's federal question jurisdiction, 28 U.S.C. § 1331, for

alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). For the

following reasons, the Court transfers this action to the United States District Court for the

District of Nevada.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

In addition to the general venue provision, the RICO Act includes a venue provision for claims arising under that statute. Civil RICO claims must be brought "in the district court of the United States for any district in which [defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Plaintiff alleges that he personally contracted with Defendants MAV Group, LLC, and Anneleisa McDonald, both of Las Vegas, Nevada, to supply biosensors and mobile phones. (ECF 1 at 3, ¶ 9.) Plaintiff contends that the contract required Defendants to return the phones after the contract period or pay him $200 per phone, but they have failed to do so. He also alleges that Defendants have submitted "fraudulent insurance claims" for the equipment. (*Id.* at 4, ¶ 14.)

For Plaintiff's claims arising under the general venue statute, venue does not lie in this district under Section 1391(b)(1), based on the residence of all Defendants, which appears to be outside this district. Venue also does not lie in this district under Section 1391(b)(2), based on the location where the events giving rise to the claims occurred. Plaintiff is in Nassau County, which is in the Eastern District of New York, 28 U.S.C. § 112(c), and Defendants are in Las Vega, in the District of Nevada, 28 U.S.C. § 108; thus, nothing in the complaint suggests that any part of the events giving rise to Plaintiff's claims took place within this district.

Venue of claims under the general venue statute is proper in the District of Nevada, under Section 1391(b)(1), (2), based both on where Defendants reside and where the claims arose. Venue of Plaintiff's civil RICO claim is also proper, under 18 U.S.C. § 1965(a), in the District of Nevada. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the District of Nevada, 28 U.S.C. §§ 1404(a), 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Nevada. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 10, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3